# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8138 | **DATE** | November 18, 2011 |
| **CASE TITLE** | William Hinton (#K-52122) v. James O'Halloran, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [#3] is denied. Plaintiff is directed to submit a renewed i.f.p. petition that is certified by a trust fund officer; he must also attach copies of his prison trust fund ledgers showing his income for the six months preceding the filing of this action, that is, from 5/16/2011 through 11/16/2011. Plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The Clerk is directed to send Plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case. Plaintiff is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, a prisoner in state custody at Vienna Correctional Center, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff is suing several Will County Sheriff's personnel and two Will County Assistant States Attorneys, alleging false arrest, false imprisonment, and malicious prosecution. Plaintiff has failed either to pay the $350.00 filing fee and his application to proceed *in forma pauperis* is outdated. It is therefore denied.

An incarcerated person seeking leave to proceed *in forma pauperis* must obtain a certificate from a prison official stating the amount of money the prisoner has on deposit in his or her prison or jail trust fund account. The certification must be properly completed and executed by an authorized officer of his correctional institution, reflecting current trust fund account information.

To enable the Court to make the necessary assessment of an initial partial filing fee, the prisoner must also "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). In the case at bar, not only is Plaintiff's i.f.p. petition is not properly certified by an authorized jail official, but also, he has failed to include copies of his prison trust fund ledgers from the past six months.

In short, if Plaintiff wants to proceed with this lawsuit, he must submit a properly certified i.f.p. petition by an authorized jail official, along with copies of trust fund ledgers showing his income for the six months preceding the filing of this lawsuit [that is, from May 16, 2011, through November 16, 2011]. The Clerk will provide Plaintiff with a blank i.f.p. application. The Clerk shall also forward a copy of this order to the trust fund officer at Vienna Correctional Center to facilitate compliance. Failure to comply [or, in the alternative, to submit the statutory filing fee of $350.00] will result in summary dismissal of this suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980). If Plaintiff submits another improperly certified i.f.p. application, this case will be summarily dismissed pursuant to *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

     Additionally, Plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). It is unclear whether the complaint on file states a cause of action under § 1983. Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to " give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)., *quoting Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556. To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff need only state his legal claim and provide "some indication . . . of time and place." *Thompson*, 362 F.3d at 971. Here, Plaintiff has failed to meet that burden.

     While Plaintiff has pled that he was subject to false arrest, he does not indicate the time and place of that arrest, nor the reason for the arrest. The Court requires that information to evaluate the sufficiency of Plaintiff's complaint because he filed suit earlier this year in *Hinton v. O'Halloran*, Case No. 11 C 2293 (N.D. Ill.) (Marovich, J.), and raised largely the same issues with respect to an arrest on a charge of violating a protective order on February 24, 2008, by the same Defendant O'Halloran named in the present case. Judge Marovich found Plaintiff's claims time-barred in that case, so this Court requires additional information to evaluate whether Plaintiff may proceed in this case, or whether these issues are subject to dismissal because they have already been decided.

     For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

     In sum, Plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. Plaintiff should only submit an amended complaint to the extent he can state a valid claim under § 1983. If he submits an amended complaint and the Court finds that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court will dismiss the case with prejudice and issue a strike pursuant to 28 U.S.C. § 1915(g). The Clerk will provide Plaintiff with the necessary forms along with a copy of this order. Failure of Plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

*/s/ James F. Holderman*